IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| UNITED STATES OF AMERICA, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) Case No. 10-CR-57-GKF |
| | ) |
| DENNY EDWARD PHILLIPS, | ) |
| | ) |
| Defendant. | ) |

**DEFENDANT'S MOTION TO SUPPRESS AND BRIEF IN SUPPORT**

Defendant Denny Edward Phillips, acting through his counsel and pursuant to Fed.R.Crim.P. 12(b)(3)(C), moves this Court to suppress from the Government's case-in-chief all evidence seized from the defendant's vehicle and person and all statements obtained from the defendant on or about January 15, 2010, in Mayes County, Oklahoma.  Said evidence and statements are the product of an illegal search and seizure and were obtained in violation of the defendant's Fourth Amendment rights.

Defendant Phillips requests an evidentiary hearing on his motion to establish the facts of the case through the admission of sworn testimony and other evidence.  Defendant Phillips requests permission to supplement this brief and to raise any other motions based on the facts and evidence that may be revealed during the evidentiary hearing.

*Factual Background*

On January 15, 2010, Oklahoma Highway Patrol troopers stopped Defendant Phillips' vehicle.  The stop escalated into an arrest of Defendant Phillips and a search of his vehicle and person.  The troopers did not have an arrest or search warrant.  Two firearms, ammunition, and drug-related equipment were recovered.  Defendant Phillips gave at least two statements to law

enforcement officers shortly after his arrest. Defendant Phillips seeks to have the firearms, ammunition, drug-related equipment, and statements suppressed.

### *Legal Argument and Authorities*

Defendant Phillips was the driver of the vehicle. The Fourth Amendment is implicated because stopping a vehicle and detaining its occupants, even temporarily, constitutes a seizure within the meaning of the Fourth Amendment. *See, e.g., Terry v. Ohio*, 392 U.S. 1, 16, 19 n.16, 88 S.Ct. 1868, 20 l.Ed.2d 889 (1968); *Delaware v. Prouse*, 440 U.S. 648, 653, 99 S.Ct. 1391, 59 L.Ed.2d 660 (1979); *United States v. Cortez*, 449 U.S. 411, 417, 101 S.Ct. 690, 66 L.Ed.2d 621 (1981); *Whren v. United States*, 517 U.S. 806, 809-10, 116 S.Ct. 1769, 135 L.Ed.2d 89 (1996); *United States v. Martinez-Fuerte*, 428 U.S. 543 556, 99 S.Ct. 3074, 49 L.Ed.2d 1116 (1976); *United States v. Gama-Bastidas*, 142 F.3d 1233, 1239 (10th Cir. 1998).

### *The Government Bears the Burden of Justifying its Warrantless Search and Seizure*

"[S]earches and seizures conducted outside the judicial process, without prior approval by judge or magistrate, are *per se* unreasonable under the Fourth Amendment – subject only to a few specifically established and well delineated exceptions." *Minnesota v. Dickerson*, 508 U.S. 366, 372, 113 S.Ct. 2130, 124 L.Ed.2d 334 (1993). The Government bears the burden of justifying its warrantless search and seizure, and of proving that a recognized exception to the warrant requirement applies. *See, e.g., McDonald v. United States*, 335 U.S. 451, 456, 69 S.Ct. 191, 93 L.Ed. 153 (1948); *United States v. Jeffers*, 342 U.S. 48, 51, 72 S.Ct. 93, 96 L.Ed. 59 (1951); *United States v. Edwards*, 242 F.3d 928, 937 (10th Cir. 2001).

### *The Remedy for Violation of the Fourth Amendment is Suppression of the Evidence Illegally Seized*

Through a series of decisions, the Supreme Court has established the exclusionary rule as the appropriate remedy for violation of the Fourth Amendment. *See Boyd v. United States*, 116 U.S. 616, 6 S.Ct. 524, 29 L.Ed. 746 (1886); *Weeks v. United States*, 232 U.S. 383, 34 S.Ct. 341, 58 L.Ed. 652 (1914); and *Mapp v. Ohio*, 367 U.S. 643, 81 S.Ct. 1684, 6 L.Ed.2d 1081 (1961). The exclusionary rule is a judicially-created remedy which "prohibits introduction into evidence of tangible materials seized during an unlawful search and of testimony concerning knowledge acquired during an unlawful search." *Murray v. United States*, 487 U.S. 533, 536, 108 S.Ct. 2529, 101 L.Ed.2d 472 (1988). Furthermore, any additional evidence or statements obtained as a direct result of the unlawful search must also to be suppressed pursuant to *Wong Sun v. United States*, 371 U.S. 471, 486-87. 83 S.Ct. 407, 9 L.Ed.2d 441 (1963).

> The Government cannot violate the Fourth Amendment – in the only way in which the Government can do anything, namely through its agents – and use the fruits of such unlawful conduct to secure a conviction. Nor can the Government make indirect use of such evidence for its case, or support a conviction on evidence obtained through leads from the unlawfully obtained evidence .... All these methods are outlawed, and convictions obtained by means of them are invalidated, because they encourage the kind of society that is obnoxious to free men.

*Walder v. United States*, 347 U.S. 62, 64-65, 74 S.Ct. 354, 98 L.Ed. 503 (1954).

### *Conclusion*

WHEREFORE, Defendant Phillips requests the Court set this matter for evidentiary hearing and, at the conclusion thereof, grant his Motion to Suppress.

Respectfully submitted,

OFFICE OF THE FEDERAL PUBLIC DEFENDER
Julia L. O'Connell, Federal Public Defender

By: s/Stephen J. Greubel
Stephen J. Greubel, OBA #10653
Senior Litigator
One West Third Street, Suite 1225
Tulsa, Oklahoma 74103
(918) 581-7656
Counsel for the Defendant

## CERTIFICATE OF SERVICE

I hereby certify that on the 2nd day of August, 2010, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and transmittal of a Notice of Electronic Filing to the following ECF registrants:

Ms. Joel-Lyn A. McCormick
Assistant United States Attorney
Office of the United States Attorney
110 W. 7th Street, Suite 300
Tulsa, Oklahoma 74119

s/Stephen J. Greubel
Stephen J. Greubel